IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | |
|---|---|
| TANISHA WESLEY, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )   No. 4:25-cv-00262-DGK |
| | ) |
| CITY OF SUGAR CREEK, et al. | ) |
| | ) |
| Defendants. | ) |

### ORDER DENYING LEAVE TO PROCEED IN FORMA PAUPERIS

Pending before the Court is pro se Plaintiff Tanisha Wesley's Application for Leave to File Action Without Payment of Fees and her Amended Affidavit of Financial Status in support. ECF Nos. 1, 4. For the following reasons, the motion is DENIED, and this case is DISMISSED.

The process for determining whether Plaintiff should be granted leave to proceed in forma pauperis (that is, without payment of fees, costs, or security) consists of two steps. 28 U.S.C. § 1915; *Martin-Trigona v. Stewart*, 691 F.2d 856, 857 (8th Cir. 1982). First, the Court must decide whether Plaintiff qualifies by economic status. 28 U.S.C. § 1915(a)(1). If Plaintiff does, then the Court must decide whether the action should nonetheless be dismissed under 28 U.S.C. § 1915(e)(2)(B)(i).

Plaintiff's Amended Affidavit of Financial Status, ECF No. 4, states she is divorced, unemployed, does not own real property or a car, has recently lost her job so she has no monthly income. She also reports having approximately $1,800 in recurring monthly expenses, including rent and utilities. Because she has no income or savings at the present time and her net worth is approximately zero dollars, the Court finds she is qualified by economic status.

The Court now must decide whether this action should be dismissed because it is frivolous or malicious, or it demands money damages of an immune defendant. *Cf. Martin-Trigona*, 691 F.2d at 857. A complaint is frivolous under § 1915(e)(2)(B) if it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). In reviewing a pro se complaint at this stage, the Court gives the complaint the benefit of every doubt, no matter how unlikely. *Denton v. Hernandez*, 504 U.S. 25, 32 (1992).

The Complaint, ECF No. 1-1, states the following. Plaintiff, a "living soul," seeks to sue two municipalities, two municipal judges, a city prosecutor and five police officers employed by the municipalities for a variety of civil rights violations. As best the Court can tell, all of Plaintiff's claims originate from an incident on December 9, 2023, when the Sugar Creek police stopped Plaintiff in an unregistered automobile, and she refused to provide them with her name, driver's license, and registration. Compl. ¶ 12.

Plaintiff believes the stop violated her constitutional rights because the law distinguishes her car, "a private automobile from a 'motor vehicle' used in commerce. The automobile was not registered, and the Plaintiff's tags displayed the word 'traveler' and 'private' as opposed to standard vehicle registration." *Id*. After Plaintiff was arrested for refusing to give her name, license, and registration, her car was towed and searched, at which time the police found a controlled substance. *Id*. ¶¶ 14–15. Plaintiff was subsequently charged with possession of a controlled substance. *Id*. ¶ 15.

Plaintiff is suing the judges and the prosecutor because they refused to dismiss the charges against her for lack of jurisdiction. *Id*. ¶ 16. Plaintiff asserts they should have granted her motion to dismiss for lack of jurisdiction because she requested the prosecutor "provide evidence of the oaths of office and bonds for both the Judge and Prosecutor," which they

ignored. *Id*. Additionally, she "filed a self-executing contract agreement fee schedule upon contact of public servants/officials, which was presented to prosecuting attorney Abby Gail Pennell and the presiding judge. The contract was accepted and not disputed." *Id*. Further,

> during the first court appearance, Judge Tobin presided over the Plaintiff's case. The Plaintiff appeared by special appearance, maintaining her subject, personal and territorial jurisdiction and her right not to contract with the Court. Plaintiff explicitly challenged the court's jurisdiction, asserting that the court had no legal basis to proceed. Judge Tobin ignored the jurisdictional challenge and proceeded to enter a plea on Plaintiff's behalf, in violation of Plaintiff's right to self-representation and consent. Plaintiff objected, advising the court that she had not given power of attorney and that Judge Tobin was unlawfully practicing law from the bench.

*Id*. at ¶ 17.

The judge proceeded with the case over her objections and "scheduled multiple trial dates for non-moving violations," which she did not attend on the grounds that "any judicial decision made outside of the court's jurisdiction or due process would be void ab initio." *Id*. ¶¶ 17–18. Warrants for her arrest were subsequently issued, even though Plaintiff "filed an administrative remedy process including a 12-question Affidavit of Fact and questionnaire" to the prosecutor, "demanding acknowledgment and certification of Plaintiff's right to subrogation at $10,000/day per involved official and a demand for dismissal if no response was made." *Id*. ¶ 19. No response was made, and so—according to Plaintiff—"[u]nder Federal Rules of Evidence 902 and 803, an unrebutted affidavit stands as truth in commerce." *Id*. Eventually Plaintiff was arrested on the Sugar Creek warrants, and then she was subsequently transferred to various other jurisdictions for failure to appear on warrants issued by them. *Id*. ¶¶ 21–23. This led to Plaintiff's grievances against the other defendants.

Plaintiff's Complaint is filled with, and premised upon, "sovereign citizen" claims that the Eighth Circuit Court of Appeals has repeatedly rejected as frivolous. *See, e.g.*, *King v. Turnbull*, No. 4:21CV3003, 2021 WL 1293307, at *2 (D. Neb. April 7, 2021) (collecting cases and rejecting as frivolous the complaint's premise that a state statute requiring an operator's license in order to drive a vehicle does not apply to him, noting this was a common "sovereign citizen" claim based on the idea that statutes and laws do not apply to sovereign citizens). Applying well-established law to Plaintiff's allegations, the Court holds Defendants were not violating any laws. For example, the police did nothing illegal by arresting Plaintiff for refusing to provide a valid driver's license and registration. *See, e.g.*, *Watson v. Boyd*, 119 F.4th 539, 552 (8th Cir. 2024). Consequently, the Court cannot approve Plaintiff's application to proceed in forma pauperis because it is legally frivolous, and the Court must dismiss the Complaint.

**IT IS SO ORDERED.**

Date:  May 23, 2025   /s/ Greg Kays
GREG KAYS, JUDGE
UNITED STATES DISTRICT COURT